UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA J. MURCHISON,           )
      Plaintiff,              )
                              )
      vs.                     )   Civil No. JFM-08-2665
                              )
MICHAEL J. ASTRUE,              )
      Defendant.              )   September 4, 2009
                              )
                                )

PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO DISREGARD A PORTION OF DEFENDANT'S REPLY MEMORANDUM, OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY

Plaintiff asks the court to strike the argument that begins at the bottom of page 4 of defendant's reply memorandum (Doc. 26), and runs to the bottom of page 5 of it, as well as the four exhibits that defendant submitted in support of that argument. If, for whatever reason, the court declines to do so, plaintiff requests leave to file the attached surreply memorandum (identified as Motion Exh. 1).

1. <u>Arguments presented in defendant's motion and plaintiff's opposition.</u>

Defendant filed a motion to dismiss or for summary judgment on July 30, 2009 (Doc. 17). With respect to Count 1, he argued that a suit for enforcement would not lie unless either, (a) the employing agency "has failed to file a required compliance report" or (b) the EEOC has found that the agency had not actually complied with its order. Def. Memo. at 7. Defendant claimed that the agency had filed the required compliance report, in the form of "copies of documents demonstrating compliance," Def. Memo. at 7, and that the EEOC had determined, subsequent to Ms. Murchison's filing her suit, that the agency had complied with its order. Def. Memo. at 7-8.

Although Ms. Murchison's opposition (Doc. 25) argued that the EEOC correctly interprets its regulations and the laws as allowing judicial enforcement without the preconditions identified by the agency, she also emphasized that, in fact, a reasonable jury could find that whatever the agency sent to the EEOC was not the required compliance report (e.g., it was not served on Ms. Murchison and the actual document alleged to have demonstrated compliance has not been provided the court). Pl. Opp. at 19-28.

2.  <u>Argument made for the first time in defendant's reply memorandum.</u>

Defendant's reply memorandum (Doc. 26) makes a new argument, supposedly supported by new exhibits. The argument is that it was Ms. Murchison's fault that the agency did not comply with the EEOC's July 25, 2008, order to return her to her team leader position. Def. Reply at 4-5. Defendant asks the court to enter summary judgment based on this argument and the related new exhibits. What the exhibits show is that in 2007 the Ms. Murchison rejected an offer to reassign her to a non-team leader position, although she did invite further discussion on resolving the reassignment problem:

> Please let me know whether the agency is
> interested in working out a solution to the
> reassignment problem.

Doc. 26-4.

From this, defendant asks the court to find that the only conclusion a reasonable jury could reach is that even though the agency did not offer to return Ms. Murchison to her team leader position, "she herself has hampered efforts to effectuate that return," Def. Reply at 5, and that such a jury could only find that by doing so Ms. Murchison forfeited any right she had to have the agency comply with the July 25, 2008, EEOC decision. Def. Reply at 4-5.

- 3 -

ARGUMENT

The non-movant faces a dilemma when the movant raises a new issue in a reply memorandum. She can rely on the "ordinary rule in federal courts . . . that an argument raised for the first time in a reply brief or memorandum will not be considered," *Clawson v. Fedex Ground Package System, Inc.*, 451 F.Supp. 2d 731 (D.Md. 2006), but in doing so, she risks the court's accepting the belated argument, *Weiss v. El Al Israel Airlines, Ltd.*, 433 F.Supp.2d 361, 371 (S.D.N.Y. 2006). Alternatively, the non-movant can forfeit reliance on the ordinary rule, by seeking leave to file a surreply. *Curry v. City of Syracuse*, 316 F.3d 324, 330 (2nd Cir. 2003).

By the present motion, Ms. Murchison seeks to safely rely on the ordinary rule, by asking the court to ignore defendant's new argument. If, but only if, the court decides to consider defendant's new argument, Ms. Murchison requests leave to file the attached surreply.

In this case, Ms. Murchison's amended complaint (Doc. 10) specifically alleged that she had not been returned to her team leader position either prior to or after the EEOC's July 25, 2008, decision. Amended Complaint ¶¶ 36, 50. Ms. Murchison's opposition to defendant's first

summary judgment motion cited evidence that she had not been returned to the team leader position. Doc. 11, at 26. Thus, the defendant cannot justify making his equity argument in his reply memorandum on the ground that he was surprised that Ms. Murchison's opposition emphasized that it was undisputed that she had not been returned to her team leader position.

Allowing a summary judgment movant to add arguments and exhibits in his reply memorandum, other than opposition arguments which could not have been fairly anticipated, causes unnecessary work for the non-movant and the court. The court should not in effect approve the defendant's conduct by considering the improperly raised argument.

## CONCLUSION

The court should ignore the argument made for the first time in defendant's reply memorandum. If the court considers the argument, it should also allow the attached surreply to be filed and considered.

Respectfully submitted,

*Phillip R. Kete*
Phillip R. Kete
General Counsel, AFGE Local 1923
OPS 1720
6401 Security Blvd.
Baltimore, MD  21235
Bar No. 05117
(410) 966-6500


September 4, 2009